## HOYT v. DAILY MIRROR, Inc.

District Court, S. D. New York.

Dec. 19, 1939.

Grant Hoerner, of New York City, for plaintiff.

90

McCauley & Henry, of New York City (Alfred H. Wasserstrom, of New York City, of counsel), for defendant.

HULBERT, District Judge.

This action is to recover damages for alleged infringement of copyright.

Plaintiff is a citizen of the United States and a resident of this district. For the past forty years he has carried on the business of making photographs and vending prints thereof.

The defendant is a New York corporation, engaged in this district in the business of publishing and circulating a daily tabloid newspaper known as "The Daily Mirror."

Early in July, 1931, the plaintiff made a photograph of His Eminence, Patrick Cardinal Hayes, Roman Catholic Archbishop of the Diocese of New York.

On July 6, 1931, he claims to have disposed of ten prints of the negative plate, each of which bore the copyright symbol required by Section 18 of the Copyright Act (Title 17 U.S.C.A). Four copies were mailed to a Mr. Williams in Chicago, and two copies were delivered to each of two persons in the Borough of Manhattan, City of New York. This, it is claimed, constituted the publication required by Section 9. On the same day two copies were mailed to the Librarian of Congress, together with an application for copyright on the form "Copies for Sale" supplied by the Copyright Office for that purpose, together with one dollar in payment of the copyright fee.

Sometime thereafter plaintiff received a Certificate of Copyright registration under the seal of the Librarian of Congress in accordance with the provisions of Section 55.

On September 5, 1938, the defendant, reporting the demise of Cardinal Hayes, published in The Daily Mirror, inter alia, a likeness of the departed prelate in similitude of the photograph made by the plaintiff, but without his consent.

Assuming, but not deciding, that plaintiff's copyright is a valid one, he would be entitled to recover a sum not to exceed $200 nor less than $50, as provided in Section 25 (b), if he had complied with the requirements of Section 12.

A certified photostat copy of the copies deposited in the Copyright Office on July 7, 1931, reveals the following inscription: "B His Eminence Patrick Cardinal Hayes Archbishop of New York" and the words "Dudley Hoyt, New York" in the lower right hand corner so faint as to be hardly discernible, instead of the copyright notice as testified to by the plaintiff. This omission casts a shadow of doubt upon his testimony.

In Washingtonian Pub. Co. v. Pearson, 306 U.S. 30, at page 39, 59 S.Ct. 397, at page 402, 83 L.Ed. 470, Mr. Justice McReynolds said: "Petitioner's claim of copyright came to fruition immediately upon publication. Without further notice it was good against all the world. Its value depended upon the possibility of enforcement."

Section 12 provides: "*After* copyright has been secured by publication of the work *with the notice* of copyright as provided in Section 9 of this title, there shall be *promptly* deposited in the copyright office or in the mail addressed to the register of copyrights * * * *two complete copies of the best edition thereof then published* * * *; or if the work is not reproduced in copies for sale there shall be deposited the copy, print, photograph, or other identifying reproduction provided by section 11 of this title, such copies or copy, print, photograph, or other reproduction to be accompanied in each case *by a claim of copyright.*" (Italicizing mine.)

The disposition of this case turns upon the interpretation to be given to the words "*two complete copies of the best edition thereof then published*".

The adjective "complete" is defined in Funk & Wagnalls Standard Dictionary as "having all needed or normal parts, elements, or details; lacking nothing; entire, perfect; full."

It would seem that a complete copy of a published work would require the inclusion of the copyright notice.

Upon comparison of the copies deposited in the Copyright Office, with the copies in evidence constituting the published work, I find a discrepancy. An inspection of the negative plate clearly indicates there are "block-outs" in at least two places not shown on the copies deposited but which do appear on the copies in evidence as published and distributed.

Section 12 further provides: "No action or proceeding shall be maintained for infringement of copyright in any work until the provisions of this title with respect to the deposit of copies and registration of such work shall have been complied with."

This action is not maintainable for failure to comply with the statute, and the complaint will be dismissed.

Submit findings of fact and conclusions of law on notice of settlement, and decree.